UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREG YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-24-1064-R |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

In this breach of contract and bad faith action, Plaintiff alleges that State Farm conducted a biased investigation of his claim and took the erroneous position that his roof did not suffer enough hail damage to warrant a replacement. Plaintiff has filed a Motion to Compel [Doc. No. 15] seeking complete responses to several discovery requests. The motion is fully briefed [Doc. Nos. 18, 19] and the matter is now at issue.

## STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under this rule is broad but "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."

1

*Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619-CVE-TLW, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). Conversely, when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id.*

## DISCUSSION

**A. Request for Production Nos. 22, 23, 24**

These requests seek personnel files, performance measurements (including bonus eligibility), and performance reviews of persons involved in the investigation, evaluation, or any other aspect of Plaintiff's claim. State Farm responds that it has already produced the responsive and relevant portions of the personnel files for the two claim handlers employed by State Farm and the remaining information is either not in its possession or not relevant.[1]

Courts must be cautious about ordering the disclosure of personnel files as they "often contain sensitive personal information." *Regan-Touhy v. Walgreen Co.*, 526 F.3d

---

[1] State Farm asserts a number of objections in its initial discovery responses that are not re-asserted in its response to Plaintiff's motion to compel. Any objections not re-asserted are deemed abandoned. *Gregory v. Harris*, No. 2:22-CV-89 WJ/KRS, 2023 WL 8561329, at *7 (D.N.M. Dec. 11, 2023) ("[O]bjections not addressed in the response are deemed abandoned."); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004) ("This Court has held on numerous occasions that objections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned.").

641, 648 (10th Cir. 2008). "This is not to say that personnel files are categorically out-of-bounds" but that Rule 26(b)(1)'s relevancy requirement "should be firmly applied." *Id.* (quoting *Herbert v. Lando*, 441 U.S. 153 (1979)).

Here, Plaintiff alleges that State Farm's actions, including an alleged failure to perform a reasonable investigation and provide correct information to the insured, reflect a lack of training that resulted in the bad faith handling of the claim. Personnel records "which pertain[] to the adjusters' background, qualifications, training and job performance" are relevant to these issues. *Waters v. Cont'l Gen. Ins. Co.*, No. 07-CV-282-TCK-FHM, 2008 WL 2510039, at *1 (N.D. Okla. June 19, 2008); *see also Graham v. Nat'l Union Fire Ins. Co.,* No. CIV-22-630-SLP, 2024 WL 4031369, at *3 (W.D. Okla. Sept. 3, 2024) (finding that personnel records pertaining to the background, qualifications, and job performance of adjusters were discoverable in bad faith case); *Williams v. Allstate Fire & Cas. Ins. Co.*, No. CIV-13-828-D, 2015 WL 1602054, at *2 (W.D. Okla. Apr. 9, 2015) (same). However, personnel information for supervisors or other employees who were not directly involved in the handling of Plaintiff's claim is outside the bounds of permissible discovery with respect to this case. *See Waters*, 2008 WL 2510039, at *1 ("Defendant is required to produce information from the personnel files which pertains to the adjusters' background, qualifications, training and job performance. Defendant is required to produce this information only for those adjusters who actually handled some aspect of Plaintiff's claim."); *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 WL 300436, at *4 (W.D. Okla. Jan. 20, 2010) ("The Court does not agree with Plaintiffs that the background, qualifications, and job performance of all supervisory personnel are

discoverable."). Additionally, although Plaintiff speculates that employee bonuses are based on the way claims are handled, Plaintiff has not provided adequate justification to support obtaining the adjuster's compensation or bonus information. *See Graham*, 2024 WL 4031369, at *3 (declining to order discovery of salary, bonuses, and incentives); *Fulbright,* 2010 WL 300436 at *4 (same).

Accordingly, if it has not already done so, State Farm is directed to produce portions of the personnel files that are in its possession, custody or control relating to the background, qualifications, training, and job performance of the adjusters who actually handled some aspect of the claim.

### B.  Request for Production No. 26

This request seeks production of "full and complete copies of all policies, procedures, guidelines, and training materials which were relied upon or utilized in conjunction with the adjustment, supervision, management and denial of Plaintiff's Claim." Plaintiff contends that an insurer's training material and written guidelines are plainly relevant to his bad faith claim. State Farm contends that the request is overly broad on its face, but also notes that it produced a copy of its "Estimatics and Claim Handling Procedures," which it describes as providing the standards for claim handlers.

Plaintiff's bad faith claim is premised, at least in part, on State Farm's lack of training for evaluating hail damage. Thus, at least some information regarding State Farm's training falls within the scope of permissible discovery. *See Massey v. Farmers Inc. Grp.*, 986 F.2d 1428 (10th Cir.1993) (unpublished) (finding as evidence of bad faith the fact that the insurer acted contrary to its training manual); *Morrison v. Chartis Prop. Cas. Co.*, No.

4

13-CV-116-JED-PJC, 2014 WL 840597, at *4 (N.D. Okla. Mar. 4, 2014) (finding training procedures and materials for handling certain claims relevant for discovery purposes). However, Plaintiff's discovery request is too broad in that it appears to seek training materials, guidelines, and procedures that relate in any way to the handling of Plaintiff's claim, rather than the specific topics that are pertinent to the issues in this case. Although courts have discretion to modify discovery requests to bring them within acceptable limits, the Court declines to do so here. *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017). The parties are responsible for propounding proper discovery requests and are in a better position to narrow their requests. *Id*. Accordingly, Plaintiff may narrow his request to bring it within appropriate limits and the Court instructs the parties to confer in a good faith attempt to resolve this particular dispute.

### C. Request for Production Nos. 12, 13, 14, 15 and 18

These requests seek copies of State Farm's claims manual and guidelines. Plaintiff's reply brief indicates that, subsequent to the filing of the motion to compel, State Farm produced claim handling documents that appear to be responsive to Plaintiff's requests. However, Plaintiff indicates that State Farm has still not produced a complete response to his requests seeking the claim guideline quoted in *Brown v. State Farm*, 2022 WL 875648 (N.D. Okla. Mar. 23, 2022), and any documents reflecting whether State Farm has changed the guideline. Plaintiff explains that the claim guideline in *Brown* describes hail damage to composition roof surfaces and that any changes to the guideline relate to his allegation that State Farm improperly determined there was not enough hail damage to Plaintiff's roof to

5

warrant a replacement. State Farm contends that Plaintiff's discovery requests are overly broad and that guidelines for unrelated claims are not relevant.

The Court agrees with Plaintiff that, given the allegations in this case, documents reflecting recent changes to State Farm's guideline regarding what qualifies as hail damage are relevant and proportional, and therefore fall within the scope of permissible discovery. Accordingly, State Farm is directed to produce a complete response to Plaintiff's Request for Production Nos. 13, 14, and 15. Request for Production Nos. 12 and 18 are overly broad in scope and Plaintiff should narrow these requests if there is additional information he seeks. *See Ward v. Liberty Ins. Corp.*, No. CIV-15-1390-D, 2018 WL 991546, at *3 (W.D. Okla. Feb. 20, 2018) (noting that "omnibus phrases" in discovery requests such as "all documents regarding" are "facially overly broad").

### D. Interrogatory Nos. 11 and 12; Request for Production Nos. 3, 4, and 28

These requests seek information related to State Farm's use of an independent adjusting firm to handle Plaintiff's claim, including the amount of money paid to the firm for the last five years, the information and software State Farm allows the firm to access, and agreements with the firm that were in existence at the time of the claim. In his briefing, Plaintiff contends that State Farm used a third-party, Seek Now, to inspect Plaintiff's roof and that Seek Now's long-term relationship with State Farm bears directly on his allegation that State Farm predicated its denial on a lackluster, biased investigation. State Farm contends that Plaintiff has not offered any theory, in pleadings or otherwise, that place its business relationship with Seek Now at issue.

Given Plaintiff's allegations and the arguments in his briefing, the Court does not agree that Plaintiff has failed to lay a foundation for these requests. As to the relevance and scope of the requests, the Court confronted a similar issue in *Bolles v. Allstate Ins. Co.*, No. CIV-24-284-R, 2025 WL 92943, at *3 (W.D. Okla. Jan. 14, 2025) and noted the following:

> Generally, "cross-examination to show the bias of a witness or his interest in a case is entirely proper." *VTT Mgmt. Inc. v. Fed. Ins. Co.*, No. CV-17-767-M, 2018 WL 5078111, at *1 (W.D. Okla. Oct. 17, 2018) (quotation omitted). And "a continuing relationship between the witness and a party in which a witness receives payment for generating an opinion that may be favorable to the interests of the party seeking the opinion is a source of bias." *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, 2011 WL 4507417, at *5 (E.D. Mich. Sept. 29, 2011). For that reason, courts have recognized that the financial relationship between an insurer and a third party that it routinely relies on for evaluations is "fair game for discovery." *Lantz v. State Farm Mut. Auto. Ins. Co.*, No. 14-12813, 2015 WL 4429762, at *1 (E.D. Mich. July 20, 2015).

*Id. See also Daniels v. Safeco Ins. Co. of Am.,* No. CIV-16-360-C, 2016 WL 7028945, at *2 (W.D. Okla. Dec. 1, 2016) (finding that plaintiffs "are entitled to some limited discovery to explore the scope of that relationship" between the insurer and a routinely used third-party consultant).

Plaintiff maintains that the third-party adjusting firm that initially investigated his claim has a long-term relationship with State Farm and Plaintiff is entitled to some proportional discovery into that relationship. State Farm is therefore directed to respond to Interrogatory No. 11 (limited to three years preceding Plaintiff's claim), Interrogatory No. 12, and Request for Production Nos. 3 (all limited to Seek Now, which is the only third-party adjusting firm the parties have identified as being involved in the claim). Requests

for Production Nos. 4 and 28 are overly broad on their face and Plaintiff's motion is therefore denied with respect to these requests.

### E. Request for Production No. 5

This request seeks copies of each complaint made by State Farm's insured in Oklahoma to the Oklahoma Insurance Department for the past three years concerning its handling of roof/hail claims. Plaintiff notes that State Farm is required by law to maintain this information and that policyholder identifying information may redacted. State Farm contends that the relevancy of this request is not apparent but that if discovery into this topic is allowed, it should be limited to complaints that were submitted to the Oklahoma Insurance Department for a period of two years and that were handled by the same adjusters involved in Plaintiff's claim. Given the geographic, temporal, and claim description limitations contained in Plaintiff's request, and the specific allegations involved in this case, the Court is persuaded that this request seeks information that falls within the permissible scope of discovery. State Farm is therefore directed to respond to this request, with appropriate redactions for policyholder identifying information.

### F. Requests for Production Nos. 7, 8, and 25

These requests seek the underwiring file and other underwriting materials. State Farm's response indicates that the underwriting file has now been produced. Plaintiff's reply brief acknowledges the production of the underwriting file but states that whether all responsive documents have been produced is unclear. State Farm is directed to clarify whether it is withholding additional materials on the basis of its objections or if all responsive documents have been produced. If there are any remaining disputes surrounding

these requests, the parties are instructed to confer in a good faith effort to resolve the disputes before seeking further court intervention.

### F.  Request for Production Nos. 17

This request seeks the loss reserve history of Plaintiff's claim. State Farm indicates that the loss reserve history has been produced and this request is therefore denied as moot.

### G. Request for Production Nos. 19 and 20

These requests seek quality control audits for wind/hails claims in Oklahoma and any quality control audits on Plaintiff's claim. Other than a conclusory assertion that these requests are clearly relevant, Plaintiff has not adequately supported his request for the documents outlined in Request for Production No. 19. State Farm represents that no audits were performed on Plaintiff's specific claim and Plaintiff does not challenge this assertion. Request for Production No. 20 is therefore denied as moot.

Plaintiff additionally requests an order awarding attorney's fees associated with preparing the motion to compel. Courts must award reasonable attorney's fees and costs if a motion to compel is granted or if the requested discovery is provided after the motion was filed, unless the opposing party's nondisclosure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P.  37(a)(5)(A). State Farm does not offer any specific argument in response to Plaintiff's request for attorney's fees or explain why it waited until after Plaintiff filed his motion to compel to produce some of the requested documents. However, given that Plaintiff's motion is only granted in part and at least some of State Farm's arguments are substantially justified, the Court declines to impose attorney's fees.

## CONCLUSION

As outlined above, Plaintiff's Motion to Compel [Doc. No. 15] is GRANTED in part and DENIED in part. State Farm shall provide any supplementary responses within 14 days of the date of this order.

IT IS SO ORDERED this 17th day of March, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE